UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JOHNNY MASSEY | CASE NO. 3:19-CV-01573 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| D I S A GLOBAL SOLUTIONS INC ET AL | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, are three motions: (1) Massey's motion for leave to file an amended complaint [doc. # 21]; defendant Dynasty Energy Services LLC's motion to dismiss [doc. # 25]; and (3) defendant Dr. Harvey Forman's motion to dismiss [doc. # 23].

For reasons assigned below, it is ordered that the motion for leave to file an amended complaint is denied. It is also recommended that Dr. Forman's motion to dismiss be granted and that Dynasty's motion to dismiss be granted.

**Background**

This case arises from a failed drug test that resulted in Massey's termination. Dynasty employed him on an at-will basis as a Fishing Supervisor. Dynasty is a drug-free workplace and uses DISA Global Solutions, Inc. to conduct its drug testing and to interpret the results. Dr. Forman is a medical review officer ("MRO") employed by defendant University Services.

Prior to Massey's employment with Dynasty, he had returned a positive result for marijuana, which was recorded in DISA's database. As a result of the prior positive drug test, DISA placed Massey on a twelve-month probationary period wherein he was required to submit to random drug tests on a monthly basis. In accordance with this probationary period, Massey submitted a monthly urinalysis screen on September 13, 2019. On September 19, 2019, that

1

specimen was submitted to Quest Diagnostics for confirmation testing, which confirmed the presence of Marijuana and/or THC Metabolites.

DISA's MRO reviewed the results and communicated them to Dynasty. Thereafter, Massey was fired by Dynasty because of the failed drug test. DISA placed Massey's positive test result in the DISAWorks and North American Substance Abuse Program ("NASAP") databases. Massey claims his prescribed use of CBD Oil resulted in a false positive drug test result for marijuana.[1] Because Massey is listed as a drug user in the NASAP database, which is used by oil and gas industry employers, he has been unable to find another job in that industry.

Massey brings claims for intentional interference with prospective contractual relations, alleging that the defendants' intentional actions, including a refusal to correct erroneous results, have prevented him from getting another job; for deceptive and unfair trade practices in violation of the Louisiana Unfair Trade Practices Act and consumer protection laws, alleging that defendants sold information to corporations containing false and misleading information and disclosed a false positive result they knew was misleading; and for negligence, alleging defendants breached a duty to adequately report test results, properly train and supervise their employees, and use a drug testing expert. (Petition (doc. # 1-1 at pp.8-9)).

Massey filed his petition in the Fourth Judicial Court for the Parish of Ouachita, State of Louisiana. [doc. # 1-1, pp. 5-11]. Therein, he alleged he was a resident of Monroe, Louisiana. On December 10, 2019, Defendants removed this suit to federal court on the sole basis of diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal). Defendants initially alleged the court had jurisdiction because Dynasty, a Louisiana limited liability company, was improperly joined in the action to destroy the Court's diversity jurisdiction. Dynasty Energy LLC has one member—

---

[1] THC is the main psychoactive compound in marijuana that gives the high sensation. CBD is a nonpsychoactive compound that does not produce the "high" associated with THC.

Anniversary Holdings LLC—also, a Louisiana limited liability company. The members of Anniversary Holdings LLC are Brad Cohen, a citizen of Louisiana, and James Glasgow, a citizen of Florida. Defendant DISA is a Delaware corporation with its principal place of business in Harris County, Texas; defendant University Services, LLC is a Delaware limited liability company whose sole member is DISA; and defendant Medical Review Officer Harvey Forman, M.D., is an individual who resides in Huntingdon Valley, Pennsylvania. (Notice of Removal, p. 7).

On December 20, 2019, Massey moved to remand, arguing that he is a Louisiana citizen and Dynasty's Louisiana citizenship should not be disregarded for purposes of assessing diversity jurisdiction. [doc. # 8]. DISA filed its response to the motion on January 10, 2020 and Massey replied on January 17, 2020. [doc. #s 17 and 20].

Because the original jurisdictional allegations were inadequate, the undersigned issued an order granting the removing defendants seven days in which to file an amended notice of removal that established diversity jurisdiction. [doc. # 39]. On March 16, 2020, the defendants filed an amended notice of removal correcting the other deficient allegations, including the citizenship (as opposed to residence) of defendant Forman, but stating that plaintiff Johnny Massey was either a citizen of Oklahoma or Louisiana. [doc. # 40]. On March 31, 2020, the court gave the defendants thirty days to conduct jurisdictional discovery to determine plaintiff's state citizenship for diversity jurisdiction purposes. [doc. # 41]. On April 30, 2020, defendants filed a second amended notice of removal that established Oklahoma as plaintiff's domicile. [doc. # 44]. In fact, plaintiff never resided in northeast Louisiana. *Id.*

On April 29, 2020, plaintiff filed a motion to withdraw his motion to remand, which was granted on April 30, 2020. [docs. ## 42, 43].

Thus, the corrected allegations of citizenship show that complete diversity of citizenship exists, regardless of whether Dynasty is properly joined as a party to the lawsuit.

The amount in controversy requirement for diversity jurisdiction is also satisfied. Massey alleges his income was $6,500 per month, plus $1,527.50 per day for fishing operations, meaning his yearly income exceeds $75,000. He requests compensatory damages, punitive damages, all statutory double and treble damages, and reasonable attorney's fees, and says his injuries include humiliation, embarrassment, and emotional distress. In previous cases involving similar allegations against DISA (among others), federal courts determined the amount in controversy was satisfied. *See Wells v. DISA Glob. Sols. Inc.*, No. 6:17-CV-00014, 2018 WL 3827590, at *8 (W.D. La. Jun. 28, 2018); *Allen v. DISA, Inc.*, No. Civ.A.04-3476, 2006 WL 643444, at *2 (E.D. La. Mar. 3, 2006)("Considering plaintiff's claim for all 'legal and equitable relief to which he may be entitled,' and his statement of general injury from 'humiliation, embarrassment, and emotional distress as a result of his termination based on the drug test,' the Court finds that defendants have met their burden to show by a preponderance of the evidence that the amount in controversy likely exceeds $75,000"). This court has subject-matter jurisdiction over this case.

Meanwhile, on January 17, 2020, Massey filed a motion for leave to file his first amended petition. [doc. # 21]. On February 11, 2020, DISA, Dr. Forman, and Dynasty filed their responses to this motion. [docs. # 31 and 32].

On January 21, 2020, Dr. Forman filed a motion to dismiss pursuant to Rule 12(b)(5), or alternatively pursuant to Rule 12(b)(2) and/or Rule 12(b)(6). [doc. # 23]. On February 13, 2020, Massey filed his opposition. [doc. # 33]. Dr. Forman replied on February 20, 2020 .

On January 23, 2020, Dynasty filed a motion to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6). [doc. # 25]. On February 13, 2020, Massey filed his opposition.

4

[doc. # 33]. On February 21, 2020, the undersigned granted Dynasty's motion for extension of time to file a response/reply [doc. # 37], and on March 5, 2020, Dynasty filed its reply. [doc.# 38].

## Law and Analysis

1. **Dynasty's motion to dismiss**

Federal Rule of Civil Procedure 12(b)(6) sanctions dismissal when a plaintiff fails "to state a claim upon which relief can be granted." A pleading states a claim for relief when it contains, *inter alia*, "a short and plain statement…showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d (2009)(quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully, *id.*; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its own judicial experience and common sense." *Iqbal*, *supra* (citation omitted). In deciding a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. A court may permit a well-pleaded complaint to proceed even when "actual proof

5

of those facts is improbable" or recovery is unlikely. *Twombly*, 550 U.S. at 556. But a court will dismiss a complaint "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Furthermore, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida, Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.)(citations and internal quotation marks omitted). "Specific facts are not necessary; the statement needs only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(quoting *Bell. Atl.*, 127 S.Ct. at 1958).

A review of Massey's complaint shows that he does not state a claim for relief against Dynasty. At its essence, Massey's complaint solely concerns the allegedly faulty drug test, including the MRO's alleged failure to correct the drug test after receiving exonerating evidence from Massey's doctor, and DISA's refusal to remove Massey's name from a database of known drug users. The complaint offers no plausible basis for liability against Dynasty, nor does it mention any legal claim stemming from Massey's employer-employee relationship with Dynasty. In fact, Massey only mentions Dynasty three times in his Petition—once to provide its service address and citizenship, the second time to explain his job position at Dynasty, and the final time to relate his monthly income while employed by Dynasty. (*See* Petition at ¶¶ 4, 8, 18).

Massey does not state a claim or provide a plausible theory of recovery against Dynasty. His first count, tortious interference with contract, is inapplicable to Dynasty because plaintiff was an at-will employee, meaning there was no contract which could possibly give rise to a cause of action for tortious interference with contract.

His second count seeks recovery under the Louisiana Unfair Trade Practices Act. LUTPA confers a right of action upon a private individual for damages on "any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as the result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. § 51:1405." To be actionable, courts have repeatedly required a showing that the conduct "offends established public policy and…is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Landrum v. Bd. Of Comm'rs*, 95-1591 (La. App. 4 Cir. 11/27/96), 685 So.2d 382, 389 (quoting *Moore v. Good Year Tire & Rubber Co.*, 364 So. 752, 758 (La. App. 2d Cir. 1978)(citations omitted)). This claim fails for two reasons. First, Massey does not identify any unfair trade practice in which Dynasty allegedly engaged. Instead, his LUPTA claim centers on an allegation that DISA engaged in an unfair practice by posting the allegedly erroneous positive test in its database. Second, even if Massey had alleged that Dynasty engaged in an unfair trade practice, it is not "immoral, unethical, oppressive, unscrupulous, or substantially injurious" for an employer to assume the accuracy of the work of a third-party with whom it contracts to conduct drug tests. *See, e.g., Landrum, supra* (holding that it was not a violation of LUTPA for an employer to rely on the drug test results used by a third party).

His third count seeks recovery under a general theory of negligence and argues that DISA breached its duty of care as an expert in the field of drug testing by erroneously reporting a positive result. To prevail on a negligence claim, a plaintiff must establish the following four elements:

(1) The defendant had a duty to confirm its conduct to a specific standard
(2) The defendant failed to conform its conduct to the appropriate standard
(3) The defendant's substandard conduct was a cause-in-fact of plaintiff's injuries
(4) Actual damages

*Roberts v. Benoit*, 605 So.2d 1032 (La. 1991)(citing La. Civ. Code. arts. 2315 and 2316). Plaintiff has not identified any duty that Dynasty owed him in connection with this claim, much less alleged

7

a breach of such duty. Though his case centers around an allegedly faulty drug test, plaintiff does not allege that Dynasty failed to follow any procedures that an employer must follow in conducting drug testing of its employees. Instead, plaintiff argues that Dr. Forman (the MRO) should have changed and/or not reported the result as positive after plaintiff disclosed his use of CBD oil. Dynasty relied on the MRO's determination when it terminated plaintiff's employment, and plaintiff does not allege that it breached any duty in doing so.

Plaintiff fails to allege any cause of action against Dynasty, and it should be dismissed from this case with prejudice.

**2. Leave to amend**

Plaintiff seeks to amend his complaint to "beef up" his allegations against Dynasty. Leave to amend is within the trial court's discretion but should be freely granted "when justice so requires." FED. R. CIV. P. 15(a)(2). However, this guidance by no means renders leave to amend automatic. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). In exercising its discretion, the court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted…[Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)(quotations and citations omitted); *accord Fenghui Fan v. Brewer*, 377 Fed. App'x. 366, 367 (5th Cir. 2010).

Defendants oppose this motion on grounds that: (1) the amendment is futile because it restates the theory found in his original complaint and lacks legal foundation, and (2) allowing the amendment would cause undue prejudice.

The undersigned agrees. None of Massey's new allegations alter his theory that DISA and its MRO were negligent in handling and reviewing Massey's September 13, 2019, urine sample that tested positive for THC. Massey mentions Dynasty more often in his amended complaint, yet Dynasty is only mentioned because it employed (and terminated) Massey. He does not allege that Dynasty administered the allegedly faulty test, nor does he allege that Dynasty helped to confirm the positive result. In fact, it is undisputed that Dynasty did not collect, test, or report the results of Massey's drug test. Instead, his complaint focuses on how Dynasty forced him to take the test and then relied on the test results when it fired him.

Though he does add a multitude of ways in which Dynasty was allegedly negligent, none describes a duty owed by Dynasty. Dynasty is only connected to this case because it employed Massey and contracted with DISA for drug testing. It was not negligent for Dynasty to rely on the test in firing Massey, nor was it an unfair trade practice. Quite simply, Dynasty legally terminated Massey. Massey was an at-will employee who could be dismissed at any time, for any reason. *See* La. C.C. art. 2747. Even if Massey's test was incorrect, as he contends, Dynasty <u>still</u> could legally terminate him for a false positive. Though federal and state laws proscribe certain reasons for dismissal, such as race, gender, and age, there is no cause of action provided for dismissal due to failing a drug test. *See, e.g., Sanchez v. Georgia Gulf Corp.*, 2002-0904 (La. App. 1 Cir. 11/12/03), 860 So. 2d 277, 283, writ denied, 2004-0185 (La. 4/2/04), 869 So. 2d 877.

Nor, as Massey appears to contend, does Dynasty have the ability, let alone the duty, to oversee DISA's testing and review process. DISA is an independent contractor for Dynasty.

9

Louisiana law is clear that vicarious liability does not apply when an independent contractor relationship exists. *Certified Cleaning & Restoration, Inc. v. Lafayette Ins. Co.*, 10-948 (La. App. 5 Cir. 6/14/11), 67 So.3d 1277, 1280-81; *see also Wells v. DISA Glob. Sols. Inc.*, No. 6:17-CV-00014, 2018 WL 3827590, at *8 (W.D. La. June 28, 2018), report and recommendation adopted, No. 6:17-CV-00014, 2018 WL 3827264 (W.D. La. Aug. 10, 2018)("Louisiana law is clear that no duty to protect against or control the actions of a third party exists unless a special relationship exists to give rise to such a duty[;]…here, it is undisputed that no such special relationship exists…'")(quoting *Beck v. Schrum*, 41, 647 (La. App. 2 Cir. 11/1/06), 942 So.2d 669, 672).

Though significantly longer, plaintiff's amended complaint does not change his theory of the case. It still centers around the failed drug test, a drug test with which Dynasty had no involvement. Given that the undersigned found the original theory failed to state a claim, it follows that these proposed amendments are futile. Accordingly, the motion for leave to amend is denied as futile.

### 3. Dr. Forman's motion to dismiss

Dr. Forman moves to dismiss pursuant to Rule 12(b)(5) for insufficient service of process. Dr. Forman asserts service of process was insufficient because he is a Pennsylvania domiciliary who does not have a registered agent for service of process in Louisiana. Further, Dr. Forman says neither he nor any member of his household was served with a copy of the summons or complaint. Alternatively, Dr. Forman moves to dismiss pursuant to Rules 12(b)(2) and 12(b)(6). He contends that he lacks sufficient minimum contacts with Louisiana for this Court to assume personal jurisdiction over him. Further, he argues that the facts alleged in Massey's petition, even if presumed true, fail to state a claim for relief against him.

Dr. Forman's name is only mentioned once in Massey's complaint, stating as follows [sic throughout]:

> Defendants, DISA, Inc., University Services (employer of the MRO) Medical Review Officer, Harvey Forman, MD and DISA Global Solutions, DISA is the 100% owner of DISAWorks and University Services, for profit corporations organized and existing under the laws of the state of Delaware, with principle place of business at 10900 Corporate Centre Drive, Suite 250, Houston, Texas 77067 and conducting business and performing business operations in Texas and are legally organized and existing under the laws of the State of Texas.

(See Petition at ¶ 3 (Dkt. 1-1 at p. 5).) Throughout the remainder of his Petition, Massey only makes vague and conclusory allegations against DISA and an unnamed MRO allegedly employed by DISA.

### a. Rule 12(b)(5) motion

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Thomas v. New Leaders for New Schools*, 278 F.R.D. 347, 349-50, (E.D. La. 2011)(citing *Wallace v. St. Charles Parish Sch. Bd.*, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005). "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). The party making service has the burden of demonstrating its validity when an objection to service is made. *Holly v. Metro. Transit Authority*, 213 Fed. Appx. 343 (5th Cir. 2007)(citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

Plaintiff in the instant case purports to have perfected service of process on Dr. Forman by mailing him a citation at CT Corporation in Baton Rouge and by mailing him a citation via certified mail at his home address in Pennsylvania.

11

Under Federal Rule of Civil Procedure 4(e), a plaintiff can effectuate service of process in accordance with the laws of the "state where the district court is located or where service is made, or by doing any following: delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e).

A plaintiff can request that a defendant waive service of a summons. The notice and request must:

(A) be in writing and be addressed:

    (i) to the individual defendant; or

    (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

(B) name the court where the complaint was filed

(C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

(D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

FED. R. CIV. P. 4(d)(1)(A)-(G).

The Louisiana Long-Arm Statute provides that a certified copy of the citation and the petition "shall be actually delivered to the defendant by commercial courier, when the person to

be served is located outside of this state." La. R.S. § 13:3204(A). A commercial courier is any entity having as its primary purpose the delivery of letters and parcels of any type, and which: (1) acquires a signed receipt from the addressee, or the addressee's agent, of the letter or parcel upon completion of delivery and (2) has no direct or indirect interest in the outcome of the matter to which the letter or parcel concerns. La. R.S. § 13:3204(D)(1)-(2).

The Pennsylvania Rules of Civil Procedure provide that service may be completed: (1) by handing a copy to the defendant; or (2) by handing a copy (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof. PA. R.C.P. No. 402. Rule 403 of the Pennsylvania Rules of Civil Procedure states that "[i]f a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." *Id.* at No. 403.

Dr. Forman resides in Pennsylvania. Neither he nor a family member was served at his home or place of business in either Pennsylvania or Louisiana. He also does not have a registered agent for service of process in Louisiana. It appears plaintiff attempted to serve Dr. Forman by sending a citation to CT Corporation located in Baton Rouge. But this was ineffective service because Dr. Forman does not have an agent for service in Louisiana.

Massey attempts to establish proper service by attaching the certified mail he sent to Dr. Forman at his address in Pennsylvania. He does not, however, provide a signed receipt, which is required under the Louisiana long-arm statute when service is made out-of-state, nor does Massey

13

state the mailing's contents. The certified mail was also not proper under Pennsylvania law because there is no receipt signed by Dr. Forman or his certified agent. Massey also failed to seek waiver of service in accordance with Rule 4. Therefore, service was insufficient. Still, under Rule 4(m), it is permissible to grant an extension of time for service to be properly made. Accordingly, the undersigned cannot recommend dismissal pursuant to Rule 12(b)(5) in the absence of an opportunity to correct the faulty service.

### b. Rule 12(b)(2) motion

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the nonresident. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332 (5th Cir. 1982), cert den. 450 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983).

A district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). A federal court may only exercise personal jurisdiction over a nonresident defendant if the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). In this case, these two queries merge into one because Louisiana's long-arm statute extends jurisdiction coextensively with the limits of the Due Process Clause of the U.S. Constitution. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). A district court may assert either general or specific jurisdiction over a party. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867-68 (5th Cir. 2001).

General jurisdiction is established where the defendant has "continuous and systematic" contacts with the forum state. *Choice HealthCare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)(citation omitted). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction…" *Revell v. Lidov*, 317 F.3d 467, 471.

It is clear Dr. Forman does not have continuous and systematic contacts with Louisiana. He is not registered to transact business in Louisiana and neither owns nor operates a place of business in Louisiana. He does not now and has never resided in Louisiana. He has never been a citizen of Louisiana, nor has he ever worked in Louisiana. His contacts are obviously insufficient to show that Dr. Forman established "continuous and systematic" contact with Louisiana. *See Loiacano v. DISA Global Solutions, Inc.*, No. CIV.A. 14-1750, 2014 WL 5317872, at *2 (E.D. La. Oct. 16, 2014) (finding that general jurisdiction did not exist where defendant did not reside in Louisiana and did not practice medicine in Louisiana).

The constitutional requirements for specific jurisdiction may be satisfied by showing that the defendant has sufficient "minimum contacts" with the forum state such that imposing a judgment would not "offend traditional notions of fair play and substantial justice." *Luv N'care, Ltd., v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)(quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). First, a court must determine "whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or

15

purposefully availed itself of the privileges of conducting activities there." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002).

The "minimum contacts"/"purposeful availment" inquiry is fact intensive. No one element is decisive, and the number of contacts with the forum state is not, by itself, determinative. *Luv N'care*, 438 F.3d at 470. A single, substantial act directed toward the forum can support specific jurisdiction, but even multiple contacts, if "[r]andom, fortuitous, or attenuated…are not sufficient to establish jurisdiction." *ASARCO, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990); *Moncrief Oil*, 491 F.3d at 312 (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 479 (1985)).

Second, a court considers "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts." *Nuovo-Rigone*, 310 F.3d at 378. At this step, the proper focus in the analysis is on the "relationship among the defendant, the forum, and the litigation." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008). This is a claim-specific inquiry, as "the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts." *Conwill v. Greenberg Traurig, L.L.P., et al.*, No. 09-4365, 2009 WL 5178310, at * 3 (E.D. La. Dec. 22, 2009).

Personal jurisdiction may not be avoided merely because a defendant did not physically enter the forum state. It is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communication across state lines, thus obviating the need for a physical presence within a state in which business is conducted. As long as a commercial actor's efforts are "purposefully directed" toward residents of the state in question, courts have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction. *Burger King*, 471 U.S. at 476-77.

Massey does not state any facts alleging that Dr. Forman had contacts with Louisiana. In fact, the petition only mentions Dr. Forman by name one time, and otherwise refers to an unnamed MRO. Dr. Forman declares, under penalty of perjury, that he was not the MRO who reviewed Massey's failed drug test of September 13, 2019. (Dr. Forman. Dec. ¶¶ 25-26). He asserts he did not have any involvement in the collection, testing, evaluating, or interpreting of the September 13, 2019, hair sample drug screen at issue. *Id.*

Even if Forman was the MRO who reviewed the positive drug test result, he still would not have minimum contacts because he did not purposefully avail himself of the privileges of conducting activities in Louisiana. Though it is arguably foreseeable that the MRO would review drug tests of Louisiana residents, this oversight responsibility did not result from a purposeful action by Forman directed toward Louisiana. Instead, it was a consequence of a job duty that included review of all of DISA's drug tests. Such a connection is too attenuated to show Forman purposefully directed his activity towards Louisiana. He was remotely reviewing drug tests for DISA and did not have any contact with Massey. Other federal district courts in Louisiana have reached similar conclusions when considering whether personal jurisdiction exists in a case where the MRO's only contact with Louisiana comes from reviewing the drug test of a Louisiana resident. *See Tilson v. DISA, Inc.*, Civil Action 17-240-SDD-EWD, 2019 WL 290235 (M.D. La. January 22, 2019)(finding that a MRO who reviewed a test out-of-state did not purposefully direct his conduct towards Louisiana); *Loiacano v. DISA Global Solutions, Inc.*, No. CIV.A. 14-1750, 2014 WL 5317872 (E.D. La. October 16, 2014)(holding that an MRO's "two phone calls" to plaintiff in Louisiana were not sufficient minimum contacts to assert specific personal jurisdiction over MRO in negligence action). The Court lacks personal jurisdiction over Dr. Forman, and he should therefore be dismissed. As a result, the Court need not consider the Rule 12(b)(6) motion.

As to Massey's argument that dismissal is premature because discovery has not taken place, he is reminded that motions to dismiss under Rule 12 are pre-discovery motions. The parties file these motions prior to discovery to avoid unnecessary costs when the pleadings make clear, for a variety of reasons, that a suit will be unsuccessful. If Massey identifies the MRO who reviewed his test, is able to make out a claim against him or her, and can show sufficient contacts with Louisiana that this court would have jurisdiction, he can request leave to amend his complaint.

## **Conclusion**

For the above-assigned reasons,

IT IS ORDERED that the motion for leave to amend is DENIED.[2]

IT IS RECOMMENDED that Dr. Forman's motion to dismiss for lack of personal jurisdiction be GRANTED and the claim(s) against him be DISMISSED, without prejudice.

IT IS RECOMMENDED that Dynasty's motion to dismiss be GRANTED and the claim(s) against it be DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. P 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

---

[2] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 26th day of May, 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE